**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WEBER PARADISE APARTMENTS, LP**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:12-CV-5222-L** |
| **LEXINGTON INSURANCE COMPANY, MCLARENS YOUNG INTERNATIONAL, INC., and WILLIAM NEWSOM**, | § § § § | |
| Defendants. | § § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Opposed Motion to Remand, filed January 21, 2013. After careful consideration of the motion, response, reply, supplement, record, and applicable law, the court **denies** Plaintiff's Opposed Motion to Remand.

**I.      Factual and Procedural Background**

Weber Paradise Apartments, LP ("Plaintiff" or "Weber") originally filed this action in the County Court at Law Number 3, Dallas County, Texas, on November 20, 2012, against Lexington Insurance Company ("Lexington"), McLarens Young International, Inc. ("McLarens"), and William Newsom ("Newsom") (collectively, "Defendants"). In Plaintiff's Original Petition (the "Petition"), Weber asserts claims for negligence, negligent misrepresentation, and fraud against Lexington; claims for negligence and negligent misrepresentation against McLarens; and claims for negligence, negligent representation, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code ("TIC"), and violations of the Texas Deceptive Trade Practices Act ("TDTPA") against Newsom.

**Memorandum Opinion and Order – Page 1**

On December 21, 2012, Lexington removed the state court action to federal court, contending that diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000.  Lexington also contends that Newsom, a citizen of Texas, was improperly joined to defeat diversity.  Weber, as a limited partnership, is a citizen of Texas and California.  According to Lexington, since Newsom was improperly joined, the court should disregard his citizenship and maintain jurisdiction over this action.

## II.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005).  In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past.  Although there is no substantive difference between the two terms, 'improper joinder' is preferred."  *Id*. at 571 n.1.  Accordingly, the court uses the term "improper joinder" in this opinion.  As the party wishing to invoke federal jurisdiction by alleging improper joinder, Lexington has the burden to establish that Newsom was joined by Weber to defeat federal jurisdiction.  *Id.* at 575.  The court is to resolve "any doubt as to the propriety of removal" in favor of remand.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000

exclusive of interest and costs.  28 U.S.C. § 1332(a).  Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).   In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

To establish improper joinder, Lexington must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Since Lexington does not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned."  *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder."  *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted).   "This possibility, however, must be

**Memorandum Opinion and Order – Page 3**

reasonable, not merely theoretical." *Id*.  If there is a reasonable possibility that Plaintiff can recover on any of his claims, there is no improper joinder, and the case must be remanded.  In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).  On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

## III.  Discussion

### A.  Contentions of the Parties

In its motion, Weber contends that this action should be remanded to state court because Lexington has not established that Newsom was improperly joined.  Weber further contends that it has set forth sufficient allegations in the Petition to show that Newsom can be liable for negligence, negligent misrepresentation, breach of the duty of good faith and fair dealing and violations of the TIC and the TDTPA because Newsom allegedly misrepresented the terms of an

insurance policy, and made misrepresentations regarding the appraisal process and duties owed Plaintiff by Lexington.  Weber also urges the court to apply the state court standard for pleadings rather than the federal standard.

McLarens contends that Plaintiff's allegations are conclusory and speculative, and do not contain any specific facts against Newsom to demonstrate that he would be liable to Plaintiff on the claims asserted against him.  Therefore, according to McLarens, there is no reasonable basis for predicting that state law could impose liability against him based on the facts pleaded.  The court agrees.

### B.      Plaintiff's Pleadings

### 1.      State Requirements for Civil Pleadings

Weber is correct in stating that the state standard for pleadings is more relaxed than the federal standard.  A pleading in district or county courts of Texas is to include a "statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense.  That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole."  Tex. R. Civ. P. 45(b).  Texas courts are not to "give pleadings a too cabined reading."  *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995).  Under Texas law, the pleading standard is one of "fair notice," "which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial."  *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007).  A state court petition is to be liberally construed, and "[a] court should uphold the petition as to a cause of action that may be reasonably inferred from what is

specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

## 2.      Federal Requirements for Civil Pleadings

As previously stated, the federal standard is more stringent than the Texas pleading standard with respect to the sufficiency of the allegations to state a claim or cause of action.  To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex*

*rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

### C.     Applicability of Texas Pleading Standard

The court agrees with Plaintiff that the Texas pleading standard should be applied by the court in evaluating the sufficiency of the allegations contained in Plaintiff's Petition.  In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law.  *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005).  Although *De La Hoya* is unpublished, its application of the Texas pleading standard is logical.  When a party files suit in a Texas court, the party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system.  The court does not believe that a pleader in state court should be so hapless that it is put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard.  Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court or removed should govern.  For these reasons, the court applies the Texas "fair notice" standard to the allegations of the Petition.

D.      **Sufficiency of Plaintiff's Pleadings**

Texas courts do not require much as to the sufficiency of pleadings.   After a careful review of the operative allegations of the Petition, the court does not believe that the Petition satisfies the "fair notice" standard that governs pleadings in the Texas state court system.   The totality of Plaintiff's allegations against all Defendants is as follows:

## V. <u>STATEMENT OF FACTS</u>

Upon information and belief, Plaintiff asserts the following Statement of Facts which, in addition to other facts, supports Plaintiff's causes of actions set out herein.

Plaintiff is an insured of LEXINGTON INSURANCE COMPANY through an insurance policy issued by broker Midwestern General Brokerage, Inc. As an insured, Plaintiff made a claim for insurance benefits, and Defendant LEXINGTON INSURANCE COMPANY, based on the actions/actions [sic] of McLARENS YOUNG INTERNATIONAL, INC. and WILLIAM NEWSOM (hired to adjust the claim), wrongfully denied paying the full benefits owed Plaintiff for the insurance claim in issue. Said actions and/or inactions of Defendant have caused damages to Plaintiff in excess of the minimum jurisdictional limits of this Court.

## VI. <u>AGENCY</u>

Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show the Court that at all times herein, Defendant acted by and through its agents, servants and representatives, each acting within the course and scope of his employment.

## VII. <u>CAUSES OF ACTION AGAINST DEFENDANT LEXINGTON INSURANCE COMPANY</u>

### *<u>Count A-Negligence & Negligent Misrepresentation</u>*

Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show that the occurrence made the basis of this lawsuit referred to in this Petition and Plaintiff's resulting damages were proximately caused by the negligent acts or failures to act of Defendant LEXINGTON INSURANCE COMPANY. Said negligence proximately caused the occurrence made the basis of this action and Plaintiff's damages in excess of the minimum jurisdictional limits of the Court.

### *Count B -Fraud*

Defendant made false statements to Plaintiff.

When Defendant made the statements referred to herein, Defendant either knew they were false or made them recklessly without any knowledge of the truth, and made them as positive assertions.

Defendant made the statements referred to herein with the intent of inducing Plaintiff to enter the transaction referred to herein.

Relying upon Defendant's statements referred to herein, Plaintiff entered the transaction referred to above, and Plaintiff would not have entered the transaction but for Defendant's statements.

By reason of Plaintiff's reliance upon the representations described herein, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of the Court.

Defendant willfully made the false representations referred to herein, in that those representations were intentionally made for the purpose of injuring Plaintiff and were of a wanton and malicious nature.

### VIII.  CAUSE OF ACTION AGAINST DEFENDANT McLARENS YOUNG INTERNATIONAL, INC.

#### Count A-Negligence & Negligent Misrepresentation

Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show that the occurrence made the basis of this lawsuit referred to in this Petition and Plaintiff's resulting dan1ages were proximately caused by the negligent acts or failures to act of Defendant McLARENS YOUNG INTERNATIONAL, INC.  Said negligence proximately caused the occurrence made the basis of this action and Plaintiff's damages in excess of the minimum jurisdictional limits of the Court.

### IX.  CAUSE OF ACTIONS AGAINST DEFENDANT WILLIAM NEWSOM

#### Count A - Negligence & Negligent Misrepresentation

Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show that the occurrence made the basis of this lawsuit referred to in this Petition and Plaintiff's resulting damages were proximately caused by the negligent acts or failures to act of Defendant WILLIAM NEWSOM.  Said negligence proximately caused the occurrence made

the basis of this action and Plaintiff's damages in excess of the minimum
jurisdictional limits of the Court.

### Count B - Duty of Good Faith & Fair Dealing

Plaintiff incorporates by reference and re-alleges all preceding sections of
this Petition and would further show the Court that Defendant WILLIAM
NEWSOM as an adjuster owed a duty to the Plaintiff to process its claims in good
faith. Such duty exists and existed under common law.  Based on information and
belief, Defendant WILLIAM NEWSOM claimed that not all of Plaintiffs property
awarded appraisal benefits were part of the appraisal process and claimed that
Defendant LEXINGTON INSURANCE COMPANY did not owe the appraisal award
as to the same.  Defendant WILLIAM NEWSOM's statements were false and are a
breach of his duty of good faith and were the producing and proximate cause and
result of actual damages to the Plaintiff.

### Count C - Texas Insurance Code

Plaintiff incorporates by reference and re-alleges all preceding sections of
this Petition and would further show the Court that the representations, acts,
conduct, and omissions of Defendant WILLIAM NEWSOM as described above,
and constitute unfair methods of competition and unfair and deceptive acts or
practices under the Texas Deceptive Trade Practices Act and the Texas Insurance
Code including, but not limited to, the following:

A.     Misrepresentations:

    1.     Representing that the agreement between the Plaintiff and
Defendant LEXINGTON limited the rights, remedies and
obligations it did not [Texas Insurance Code § 541.151 (formerly
known as Art. 21.21 Sec. 16(a)); DTPA Sec. 17.46(b)(12)];

B.     Violations of Texas Insurance Code §§ 541 et seq (formerly known as Art.
21.21 Insurance Code):

    1.     Unfair Settlement Practices.

Engaging in the following unfair settlement practices with respect to a
claim by an insured [Texas Insurance Code § 541.060 (formerly known as
Art. 21.21 Sec. 4 (10)];

        (i)     Misrepresenting to a claimant a material fact
or policy provision relating to coverage at
issue [Texas Insurance Code § 541.060(a)(1)
(formerly known as Art. 21.21 Sec. 4 (10)];

**Memorandum Opinion and Order – Page 11**

2.      Misrepresentation of Insurance Policy.

Misrepresenting an insurance policy by:

    1.      Making an untrue statement of material fact [Texas Insurance Code § 541.061(1) (formerly known as Art. 21.21 Sec. 4 (11)];

    2.      Making a material misstatement of law [Texas Insurance Code § 541.061(4) (formerly known as Art. 21.21 Sec. 4 (11)]; and

The above-described representations, acts, conduct, and omissions of Defendant WILLIAM NEWSOM constitute unfair methods of competition and unfair and deceptive acts or practices in violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act and were a direct, proximate, and producing cause and responsibility of Plaintiff's actual damages in an amount in excess of the minimum jurisdictional limits of the Court. Said conduct was done intentionally and knowingly.

## <u>Count D – Knowingly/Intentionally</u>

Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show that Defendant WILLIAM NEWSOM's conduct set forth above constitutes misrepresentations, unconscionable actions, and violations of the Deceptive Trade Practices Act and the Texas Insurance Code, all of which were done knowingly, intentionally and with malice. Defendant WILLIAM NEWSOM's breach of the duty of good faith was also done intentionally, knowingly, and with malice in total disregard for the rights of the Plaintiff.

Furthermore, Defendant WILLIAM NEWSOM has taken advantage of the lack of expertise of the Plaintiff to a grossly unfair degree. As a result of Defendant WILLIAM NEWSOM's wrongful conduct, Plaintiff is entitled to all damages including mental anguish, statutory, treble, punitive, and exemplary damages as provided by the Insurance Code and the common law.

Pl.'s Original Pet. 2-7, §§ V - IX.

The wrongful acts of an insurance adjuster may subject him to personal liability under

sections 541.060 of the TIC.  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282-83

(5th Cir. 2007).  The question to be determined in this case is not whether an adjuster may be

liable under the TIC or Texas common law but whether Plaintiff's pleadings set forth a reasonable basis for the court to predict that Plaintiff might recover against Newsom on the theories pleaded.

The court now examines the allegations of the Petition as they pertain to Newsom. What the court can determine from the Petition is that Plaintiff is an insured of Lexington through an insurance policy; that Plaintiff made a claim for insurance benefits as a result of some kind of loss; and that Lexington, because of some acts or conduct by McLarens and Newsom, who was hired to adjust the claim, wrongfully denied paying the full benefits owed Plaintiff for the claim. Plaintiff also alleges that Newsom made false statements, an allegation that the court notes is extremely unclear and vague. In this regard, Plaintiff states that Newsom "claimed that not all of Plaintiff's property awarded appraisal benefits were part of the appraisal process and claimed that [Lexington] did not owe the appraisal award as to the same." Pl.'s Original Pet. 5. Bluntly speaking, this conclusory statement is nonsensical because its meaning has become lost in legalistic phrasing, the allegations are out of context, and critical underlying facts have not been pleaded. This observation is extremely important because all claims against Newsom, which are asserted in a conclusory manner, find their origin in or relate back to these nebulous allegations.

While Texas has a low threshold for pleading, a plaintiff must set forth at least a modicum of specificity regarding a defendant's conduct. The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's "fair notice" pleading standard. "[W]hether the plaintiff has stated a valid cause of action depends upon and

is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery."\*

*Griggs v. State Farm* Lloyds, 181 F.3d 694, 701 (5th Cir. 1999) (citations omitted).

The Petition wholly fails in this regard.  There is no factual fit between the unclear and conclusory allegations in the Petition and Plaintiff's theories of recovery.  Even with a liberal reading of the operative allegations of the Petition, the court has to guess, speculate, and strain to determine whether a reasonable basis exists to predict that Newsom might be liable to Plaintiff on the claims as pleaded.  In other words, Weber, at best, has set forth only a theoretical possibility that Newsom could be liable to it under state law with respect to the claims asserted; however, a theoretical possibility misses the mark and does not provide a reasonable basis for the court to predict that Weber might be able to recover against Newsom on the facts alleged.  *Great Plains Trust*, 313 F.3d at 312.  From what precious little is "specifically stated" against Newsom in the Petition, the court cannot reasonably infer that any cause of action has been set forth against him.  *See Boyles*, 855 S.W.2d at 601.

## IV.   Miscellany

Also pending before the court are Plaintiff's Opposed Motion to Compel FRCP 26(f) Conference, filed March 17, 2013; and Defendants' Motion for Stay, filed March 25, 2013.  As the court will forthwith issue a status report order and now rules on Plaintiff's Opposed Motion to Remand, both of the pending motions **are moot** and are therefore **denied**.

---

\* The court determines that this holding is apposite to its analysis in this case because the Fifth Circuit applied the Texas standard for pleading in determining whether an insurance agent had been improperly joined to defeat diversity jurisdiction. *Griggs*, 181 F.3d at 699.

**Memorandum Opinion and Order – Page 14**

**V.      Conclusion**

For the reasons herein stated, the court determines that there is no reasonable basis for it to predict that Weber might be able to recover against Newsom on any of the state claims asserted against him.   Accordingly, the court **concludes** that Newsom was improperly joined to defeat jurisdiction and **denies** Plaintiff's Opposed Motion to Remand.

**It is so ordered** this 23rd day of May, 2013.

Sam A. Lindsay
United States District Judge